Gary N. Stewart, Esq./023511993
Ronald James R. De La Fuente, Esq./248802017
**RAWLE & HENDERSON LLP**
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (976) 643-1400
Fax: (973) 643-1900
Attorneys for Defendants Kyle M. Hardin and
TransAm Trucking Inc.

| | |
|---|---|
| CASEY A. SIPKO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KYLE M. HARDIN, TRANSAM TRUCKING INC. and JOHN DOE 1-5 and ABC CORP. 1-5,<br><br>　　　　　　　Defendants. | Index No.<br><br>Civil Action<br><br>**PETITIION FOR REMOVAL** |

　　　　Defendants Kyle M. Hardin and TransAm Trucking, Inc. ("Removing Defendants"), upon information and belief, state as follows:

　　　　1.　　On or about August 5, 2022, Plaintiff Casey A. Sipko commenced an action against the Removing Defendants in the Superior Court of New Jersey, County of Warren, bearing Docket Number WRN-L-195-22. A copy of the Complaint is annexed hereto as **Exhibit A**.

　　　　2.　　Plaintiff is a resident of the State of New Jersey. (See **Exhibit A**, Complaint).

　　　　3.　　Defendant Kyle M. Hardin is a resident of the State of Pennsylvania.

4. Defendant TransAm Trucking, Inc. is a corporation organized and existing under the laws of the State of Kansas.

5. Defendant TransAm Trucking, Inc. was served with Plaintiff's Complaint on September 20, 2022.

6. Upon information and belief, the amount in controversy is more than $75,000.00.

7. Accordingly, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332, Removing Defendants are entitled to removal of this action pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Removing Defendants pray that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446.

                              **RAWLE & HENDERSON LLP**
                              Attorney for Defendants Kyle M. Hardin
                              and TransAm Trucking Inc.

By: _____
     Gary Stewart, Esq./
     gstewart@rawle.com

s/ *Ronald James R. De La Fuente*
Ronald James R. De La Fuente, Esq.
rdelafuente@rawle.com

3 University Plaza, Suite 500
Hackensack, New Jersey 07601
Phone: (973) 643-1400
Fax: (973) 643-1900

Dated: October 21, 2022

EXHIBIT A

STEVEN M. TANENBAUM, ESQ.
COURT ID NO: 035551985
TANENBAUM LAW, LLC
450 Main Street
Second Floor
Metuchen, New Jersey 08840
Phone: (732) 549-1077
Fax: (732) 549-1087
**Attorneys for Plaintiff**

| | |
|---|---|
| Plaintiff(s):<br><br>CASEY A. SIPKO,<br><br>vs.<br><br>Defendant(s):<br><br>KYLE M. HARDIN, TRANSAM TRUCKING INC. and JOHN DOE 1-5 and ABC CORP. 1-5 | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: WARREN COUNTY<br>DOCKET NO.:<br><br>Civil Action<br><br>COMPLAINT and JURY DEMAND |

Plaintiff CASEY A. SIPKO, residing at 920 Sampson Avenue in the Borough of Alpha, County of Warren and State of New Jersey complaining of Defendants say:

## FIRST COUNT

1. On August 28, 2020, at approximately 2:40 p.m. Plaintiff CASEY A. SIPKO was operating her motor vehicle which was stopped in traffic on US 122 (New Brunswick Avenue) near its intersection with US 22 East in the Township of Pohatcong, County of Warren and State of New Jersey.

2. On the date and at the same place and time aforesaid, Defendant KYLE M. HARDIN was operating a tractor trailer owned by Defendant TRANSAM TRUCKING INC. which was making a left hand turn from US 122 (New Brunswick Avenue) into the Penn Jersey Truck Stop located at 1400 Route 22 in the Township of Pohatcong, County of Warren and State of New Jersey.

3. At the same time and place aforesaid, Defendant KYLE M. HARDIN operated the motor vehicle owned by Defendant TRANSAM TRUCKING INC. in such a manner so as to cause his vehicle to strike Plaintiff's vehicle.

4. At the same time and place aforesaid, Defendant KYLE M. HARDIN operated the said motor vehicle in a careless, negligent and reckless manner which resulted in the collision with Plaintiff's vehicle.

5. As a direct and proximate result of the aforesaid carelessness, negligence and recklessness of Defendant KYLE M. HARDIN in the operation of the Defendant TRANSAM TRUCKING INC.'s vehicle aforesaid, Plaintiff CASEY A. SIPKO suffered serious and permanent injuries, which injuries necessitated her to obtain medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual activities and have left her with permanent disabilities that will in the future incapacitate her,

cause her great pain and suffering and require medical treatment and caused her to suffer economic loss and other special damages.

WHEREFORE, Plaintiff CASEY A. SIPKO demands judgment against Defendant KYLE M. HARDIN on this Count for damages, costs, interest, counsel fees and all other relief this Court deems just and equitable.

## SECOND COUNT

1. Plaintiff CASEY A. SIPKO repeats and reiterates the allegations contained in the First Count of the Complaint, as if set forth a length herein.

2. At the time and place aforesaid and for some time prior thereto Defendants KYLE M. HARDIN and TRANSAM TRUCKING INC. were responsible for the care, maintenance, repair and inspection of their said vehicle.

3. Defendants KYLE M. HARDIN and TRANSAM TRUCKING INC. were careless, reckless and negligent with respect to the care, maintenance, repair and inspection of the aforesaid vehicle being operated by the Defendant KYLE M. HARDIN which resulted in the motor vehicle accident aforesaid.

4. As a direct and proximate result of the carelessness, negligence and recklessness of Defendants KYLE M. HARDIN and TRANSAM TRUCKING INC. as alleged

aforesaid, Plaintiff CASEY A. SIPKO suffered serious and permanent injuries which injuries necessitated her to obtain medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual activities and have left her with permanent disabilities that will in the future incapacitate her, cause her great pain and suffering and require medical treatment and has caused her to suffer economic loss and other special damages.

WHEREFORE, Plaintiff CASEY A. SIPKO demands judgment against the Defendants KYLE M. HARDIN and TRANSAM TRUCKING INC. on this Count, individually, jointly and/or severally, for damages, costs, interest, counsel fees and all other relief this Court deems just and equitable.

### THIRD COUNT

1. Plaintiff CASEY A. SIPKO repeats and reiterates the allegations contained in the First and Second Counts of the Complaint, as if set forth at length herein.

2. At the time and place aforesaid and for some time prior thereto, Defendant TRANSAM TRUCKING INC. did negligently entrust the operation of its motor vehicle to Defendant KYLE M. HARDIN which resulted in the motor vehicle accident aforesaid.

3. As a direct and proximate result of the

negligence of Defendant TRANSAM TRUCKING INC. as alleged aforesaid, Plaintiff CASEY A. SIPKO suffered serious and permanent injuries, which injuries necessitated her to obtain medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual activities and have left her with permanent disabilities that will in the future incapacitate her, cause her great pain and suffering and require medical treatment and caused her to suffer economic loss and other special damages.

WHEREFORE, Plaintiff CASEY A. SIPKO demands judgment against Defendant TRANSAM TRUCKING INC. on this Count, for damages, costs, interest, counsel fees and all other relief this Court deems just and equitable.

### FOURTH COUNT

1.  Plaintiff repeats and reiterates each and every allegation contained in the First through Third Counts of the Complaint as if set forth at length herein.

2.  At the time and place aforesaid, Defendant KYLE M. HARDIN was an employee, agent and/or servant of Defendant TRANSAM TRUCKING INC.

3.  At the time and place aforesaid, Defendant KYLE M. HARDIN operated the said vehicle owned by Defendant TRANSAM TRUCKING INC. in the course of his employment, agency and/or servitude with Defendant TRANSAM TRUCKING

INC.; in furtherance of his duties; and, in the scope of his agency with said Defendant.

4. As a direct and proximate result of the carelessness, negligence and recklessness of the Defendant KYLE M. HARDIN aforesaid, the Defendant TRANSAM TRUCKING INC. is liable for Plaintiff's injuries and damages which resulted therefrom by virtue of the doctrine of <u>respondeat superior</u>.

WHEREFORE, Plaintiff demands judgment against the Defendant TRANSAM TRUCKING INC. on this Count, for damages, interest and costs of suit.

### FIFTH COUNT

1. Plaintiff CASEY A. SIPKO repeats and re-alleges each and every allegation contained in the First, Second, Third and Fourth Counts of the Complaint as if set forth at length herein.

2. Defendants JOHN DOE 1-5 and ABC CORP. 1-5 are fictitious Defendants whose identities are yet unknown, and whose negligence, when combined with the negligence of Defendants KYLE M. HARDIN and TRANSAM TRUCKING INC. did proximately cause and/or contribute to the damages suffered by Plaintiff CASEY A. SIPKO in any manner including, but not limited to, an act of medical malpractice and/or by

placing a defective product into the stream of commerce and/or negligent repair of any vehicle involved.

3. As a direct and proximate result of the negligence of all Defendants as alleged aforesaid, Plaintiff CASEY A. SIPKO suffered serious and permanent injuries, which injuries necessitated her to obtain medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual activities and have left her with permanent disabilities that will in the future incapacitate her, cause her great pain and suffering and require medical treatment and caused her to suffer economic loss and other special damages.

WHEREFORE, Plaintiff CASEY A. SIPKO demands judgment against Defendants KYLE M. HARDIN, TRANSAM TRUCKING INC., JOHN DOE 1-5 and ABC CORP. 1-5, individually, jointly, and/or severally for damages, costs, interest, counsel fees and all other relief this Court deems just and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues and Counts.

### TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, STEVEN M. TANENBAUM, ESQ. is hereby designated as trial counsel in the within matter.

### DEMAND FOR INTERROGATORIES

Plaintiff hereby demands that the within named Defendants provide certified answers to Uniform Interrogatories Forms C and C(1) as set forth in Appendix II of the Rules Governing the Courts of the State of New Jersey, within the time prescribed by the said Rules of Court.

TANENBAUM LAW, LLC<br>
**Attorneys for Plaintiff**

BY: _____
       STEVEN M. TANENBAUM, ESQ.

Dated: August 5, 2022

## CERTIFICATION PURSUANT TO R.4:5-1

STEVEN M. TANENBAUM, ESQ., does hereby certify as follows:

1. I am an Attorney-at-Law of the State of New Jersey, and I am fully familiar with the above captioned matter.

2. To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court or in arbitration proceeding and to the best of my knowledge and information is not the subject of any controversy, action or arbitration proceeding.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 5, 2022

_____
STEVEN M. TANENBAUM, ESQ.

# Civil Case Information Statement

## Case Details: WARREN | Civil Part Docket# L-000195-22

**Case Caption:** SIPKO CASEY VS HARDIN KYLE
**Case Initiation Date:** 08/05/2022
**Attorney Name:** STEVEN M TANENBAUM
**Firm Name:** TANENBAUM LAW LLC
**Address:** 450 MAIN ST 2ND FL
METUCHEN NJ 08840
**Phone:** 7325491077
**Name of Party:** PLAINTIFF : Sipko, Casey, A
**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Casey A Sipko?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/05/2022
Dated

/s/ STEVEN M TANENBAUM
Signed

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

# 70160340000057144387

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 1:12 pm on September 20, 2022 in OLATHE, KS 66062.

## Delivered
**Delivered, Left with Individual**

OLATHE, KS 66062
September 20, 2022, 1:12 pm

**See All Tracking History**

Feedback

**Text & Email Updates**                               ⌄

**USPS Tracking Plus®**                                ⌄

**Product Information**                                ⌄

See Less ⌃

**Track Another Package**

Enter tracking or barcode numbers